

> The Court will hold a discovery conference on 11/06/2023 at 4:30 p.m. in Courtroom 520 of the White Plains Courthouse. All parties are directed to attend. Counsel for Defendants shall serve a copy of this Order on non-party witness Jason George by 11/02/2023 and file a proof of service on the docket. Jason George, should he be so advised, shall attend the 11/06/2023 discovery conference.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>           October 31, 2023

<u>**Via Electronic Filing**</u>

October 26, 2023

Honorable Philip M. Halpern
United State District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**RE:**       **Parkview Station Condominium II v. Farmers Property and Casualty Insurance Company**
            **Docket No.: 7:22-cv-09240**

Dear Judge Halpern:

      We are local counsel to Defendant Farmers Property and Casualty Insurance Company ("Defendant") in connection with the captioned matter. Defendant respectfully submits this letter, together with Plaintiff, pursuant to rules 2.C. and 4.D. of Your Honor's Individual Rules, to request a telephone pre-motion discovery conference. Defendant respectfully requests that the Court (1) preclude non-party witness Jason George from testifying at trial in this matter or, in the alternative, (2) compel him to appear for a deposition on or before a certain date and, if Mr. George fails to appear, preclude him from testifying at trial.

<u>**Defense Position**</u>

      On July 19, 2023, Mr. Jason George appeared for a Federal Rule 30(b)(6) deposition on behalf of the Plaintiff condominium. The deposition was left open so that Defendant could ask questions about Plaintiff's written discovery responses and anticipated supplemental responses. On August 24, 2023, Plaintiff's counsel learned that Mr. George moved from the condominium and resigned as condo board President. The only contact information that Plaintiff provided for Mr. George was his address at the condominium. On August 25, 2023, Plaintiff produced

Honorable Philip M. Halpern
October 26, 2023
Page 2 of 6

supplemental discovery responses and interrogatories, as well as over 700 pages of records. Mr. George participated in preparing the supplemental responses.

On September 11, 2023, all parties appeared for a discovery conference before Your Honor. The Court directed Defendant to issue a non-party subpoena to Mr. George for his testimony [Document Number 43]. On September 15, 2023, Plaintiff produced further supplemental responses and additional records.

Defendant was not in possession of Mr. George's new residential address, so Defendant issued a subpoena to Mr. George on October 13, 2023 at his business address at Weil, Gotshal & Manges LLP, where Plaintiff is an attorney. Attached as Exhibit "A" is a copy of the Subpoena dated October 13, 2023. Defendant served a copy of the Subpoena on Plaintiff's counsel that same day. Attached as Exhibit "B" is a copy of the Notice Pursuant to F.R.C.P. Rule 45(a)(4) dated October 13, 2023. Although the process server initially had issues serving Mr. George, the subpoena was successfully served on October 18, 2023. Attached as Exhibit "C" are copies of the Affidavits of Freddi Simon sworn to on October 19, 2023.

On October 20, 2023, our office called Mr. George to confirm his deposition on October 23, 2023. Mr. George stated that he refused to appear for the deposition because the Subpoena was not timely served. Mr. George ended the call abruptly. We subsequently e-mailed Mr. George that the Court directed us to issue a Subpoena for his deposition and that, unless he provided alternative dates and times for the deposition, we would expect his appearance on October 23, 2023. Attached as Exhibit "D" is a copy of Defendant's e-mail correspondence to Mr. George dated October 20, 2023, as well as the delivery confirmation from the same date. Mr. George never provided alternative dates, and no one filed a motion to quash the subpoena.

Honorable Philip M. Halpern
October 26, 2023
Page 3 of 6

On October 23, 2023, Mr. George did not appear for his deposition. Attached as Exhibit "E" is a copy of the statement on the record from October 23, 2023. Counsel for Plaintiff called Mr. George before we made a statement on the record and Mr. George stated that he was refusing to appear. *Id.* He suggested two alternative dates with a start time at 7:30 a.m. only. *Id.* We asked for alternative times, but Mr. George refused to provide any further dates or times. *Id.* Mr. George, through Plaintiff's counsel, told Defendant to make a motion to compel his appearance. *Id.*

The decision to issue discovery sanctions is within the "sound discretion" of the Court. *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364–65 (2d Cir. 1991); *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014). In determining whether to issue sanctions, the Court can consider the "willfulness, bad faith or any fault" on the part of the party being sanctioned. *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 143–44 (2d Cir. 2010). Sanctions are determined on a case by case basis. *Hawley*, 302 F.R.D. 37, 46.

Since Mr. George is no longer within Plaintiff's counsel's control and is willfully refusing to appear for a deposition, he should be precluded from testifying at trial. Mr. George is an attorney and understands the consequences of non-compliance with a Federal Court subpoena. In the alternative, Defendant respectfully requests that the Court order Mr. George to appear for a deposition by a date certain. If Mr. George fails to appear by that date, we respectfully request that Mr. George be precluded from testifying at trial.

Honorable Philip M. Halpern
October 26, 2023
Page 4 of 6

**<u>Plaintiff's Position</u>**

In this letter, Defendant seeks to impose a sanction against the Plaintiff for the conduct of a non-party, which conduct was occasioned by Defendant's own failings. On September 11, 2023, this Court directed Defendant to serve a subpoena upon Jason George if Defendant intended to seek further testimony from him in connection with this litigation. Plaintiff had objected to further deposition given the seven plus hours of prior deposition testimony. *See* Exhibit F, George Tr. at 187:10-18. Defendant knew at that time that Plaintiff was employed at Weil, Gotshal and Manges, LLP. *See id.* at 13:7-14:4. Despite having all information necessary to serve Mr. George with a subpoena, Defendant failed to notice its subpoena until October 13, 2023. Defendant's own records indicate that its leave-and-mail service upon Mr. George was not completed until October 19, 2023 – a mere four (4) days before the deposition was scheduled to take place. *See* Exhibit C. Mr. George stated on October 23, 2023 that his first actual notice of the deposition was Defendant's phone call on October 20, 2023. Defendant made no direct effort to contact Mr. George prior to October 20, 2023, despite his business phone number being readily available on his firm's website, together with his work email address, and his personal email address appearing in documents produced in this litigation. As permitted under Rule 45, Mr. George advised Defendant that he objected to his deposition in light of the lack of advance notice of same provided by Defendant. Despite having advance notice of Mr. George's objection, Defendant made no effort to compel Mr. George's appearance in advance of the noticed date – likely for want of time.

Rule 45 of the Federal Rules of Civil Procedure requires that "reasonable time to comply" be provided for responses to a subpoena. "[A]lthough Rule 45 does not define a "reasonable time to comply," courts in this circuit have found fourteen days to be "presumptively reasonable,"

whereas notice of a week or less has generally been considered unreasonable." *See Angelo, Gordon & Co., L.P. v MTE Holdings, LLC*, 2020 US Dist LEXIS 145596, 2020 WL 4700910 (S.D.N.Y. Aug. 13, 2020) (refusing to enforce subpoena and awarding sanctions against party seeking enforcement because its "flaws were patent: it is obvious that four days is not a reasonable time to comply with a deposition subpoena, and Debtors had no excuse for waiting until the eleventh hour to seek deposition testimony") *citing Brown v. Hendler*, No. 09 Civ. 4486, 2011 U.S. Dist. LEXIS 9476, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (collecting cases). "Courts within this circuit have ruled the service of a subpoena five to nine days in advance of a hearing is not reasonable time to comply." *Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16 Civ. 1891, 2017 U.S. Dist. LEXIS 182070, 2017 WL 4998645, at *1 (D. Conn. Nov. 2, 2017) (internal quotation omitted)). Here, service occurred only four (4) days in advance of the deposition, rendering Defendant's subpoena fundamentally flawed and unenforceable.

To the extent the Court disagrees, Plaintiff has no objection to the Court compelling further testimony from Mr. George. However, Plaintiff objects strenuously to preclusion of Mr. George's testimony at trial, particularly given that Mr. George in fact offered two different times he would appear. "[P]reclusion is an extreme sanction." *See You Qing Wang v X B B, Inc.*, 2021 US Dist LEXIS 150127, No. 18-CV-7341 (E.D.N.Y. Aug. 10, 2021); *see also Ellison v Allstate Indem. Co.*, 2013 US Dist LEXIS 168253, No. 12-CV-6261L (W.D.N.Y. Nov. 26, 2013). Mr. George as a witness had personal knowledge of numerous issues relevant to this litigation, and his testimony provides significant support for Plaintiff's case. While under Plaintiff's control, Mr. George appeared and testified for over seven hours. Though Mr. George as an individual is subject to the Court's discretion regarding further deposition, where, as here, Defendant's failures caused a non-

Honorable Philip M. Halpern
October 26, 2023
Page 6 of 6

party's absence, it would be unjust and without basis in law for the Court to impose sanctions upon Plaintiff's ability to proceed with its case by precluding Plaintiff from compelling Mr. George to testify at trial, or from relying on his prior sworn testimony as given to Defendant in this matter.

*   *   *

Thank you for your consideration of this request.

Respectfully submitted,

_____/s/_____
Anne Marie Esposito

     and

_____/s/_____
Joseph J. Aguda, Jr.


cc via ECF:   Anne Marie Bossart, Esq.
                Frank Paul Winston, Esq.
                LERNER, ARNOLD & WINSTON, LLP
                286 Fifth Avenue, 12th Floor
                New York, NY 10001
                *Counsel for Plaintiff*